GEORGE W. COLLINS *versus* JAMES LAMBERT & *al.*

Where a poor debtor has been discharged from arrest on execution, by taking the poor debtor's oath, on a disclosure of his property, the discharge will not be defeated by a mistake, honestly made, in the *quantity* of one of the items of property disclosed, provided he delivers all there was of it to the officer, for the benefit of the creditor.

THIS was an action of debt on a poor debtor's bond. Defendant introduced a certificate, showing that he had taken the oath required by one of the conditions in the bond. To avoid the effect of this certificate, the plaintiff relied on the fact, that the debtor disclosed a quantity of grain, and refused to deliver it to an officer, having an alias execution on the same judgment, who demanded said grain of him within thirty days after the time of the disclosure.

The debtor disclosed, that he had *about* twelve bushels of oats and peas. The return of the officer on the alias execution showed, that he called upon the debtor and demanded the property so disclosed, and that the debtor refused to deliver any more than seven and one-half bushels of oats and peas.

The defendant then offered to show, by verbal testimony, that at the time of said disclosure, said oats and peas were not threshed, and that the defendant afterwards threshed the same, and delivered to the officer all there were after they were so threshed. To the introduction of this testimony the plaintiff objected, because it contradicted the disclosure of said debtor, and because it added to the disclosure a material fact, namely, that the debtor had a quantity of grain unthreshed, while the plaintiff had acted in good faith in procuring the officer to demand the property disclosed, relying on the statements in the debtor's disclosure, that he had the property so disclosed.

The Court admitted this testimony, and the jury returned a verdict for the defendant.

Exceptions were taken by the plaintiff.

*D. D. Stewart,* for plaintiff.

*J. S. Abbott,* for defendant.

Tenney, J. — The debtor made disclosure that he had about twelve bushels of oats and peas, and was permitted to take the oath prescribed in R. S. chap. 148, § 28, and obtained the certificate according to the 31st section of the same chapter. Upon a demand made by the officer who had in his possession an alias execution issued upon the same judgment, for the property disclosed, the debtor delivered seven bushels and an half of oats and peas, and refused to deliver any more. In the trial of the action, upon the bond given by the debtor and his surety, it was permitted in defence to be proved, that at the time of the disclosure, the oats and peas referred to therein, were not threshed ; that they were threshed afterwards, and the whole amount were delivered to the officer. This evidence was objected to, on the ground that it contradicted the disclosure, and added to the disclosure a new fact.

It is not understood that oats and peas are essentially changed by being threshed, though their condition is somewhat altered. In common parlance, they may be denominated oats and peas, although they may not be in a merchantable state. The debtor did not disclose that they were threshed, or in a condition to be treated as a marketable commodity ; and from the mode of expression in reference to the estimated amount, it is to be inferred that the quantity was uncertain. The evidence objected to, but allowed, does not contradict the disclosure or necessarily add any new fact.

The purpose of the law is to give to the creditor the benefit of attachable property, which may be disclosed by the debtor ; and if through the fault of the latter the former is deprived of his just rights therein, the bond may still be broken, notwithstanding the oath may be taken, within the time prescribed to save the forfeiture, and a certificate, that the oath was so taken,

obtained.    But if all the property disclosed is delivered in good faith, upon a proper demand, in a condition to be available as much as when the disclosure was made, it is sufficient, and the condition of the bond is saved.

*Exceptions overruled.*